IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERINA AQEEL,<br>an individual,<br><br>    Plaintiff,<br><br> v.<br><br>CACH LLC, a Colorado Limited<br>Liability Company;<br>SQUARETWO FINANICAL<br>COMERCIAL FUNDING CORP.,<br>a Delaware Corporation;<br>JOSEPH A. RANIERAI, IV, and<br>CARLA HAWKINS, Individuals,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-CV-02158-WSD-WEJ |

## **NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, Sherina Aqeel, filed this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., against the above-named corporate and individual defendants. One of the corporate defendants, SquareTwo Financial Commercial Funding Corp. ("SquareTwo"), filed a Motion to Dismiss [8] the Complaint against it on October 30, 2015.

On November 16, 2015, Ms. Aqeel filed Plaintiff's Response in Opposition to Defendant SquareTwo Financial Commercial Funding Corp.'s Motion to Dismiss [10] ("Pl.'s Resp."). In that Response, Ms. Aqeel states that she "does

not oppose the dismissal without prejudice of her complaint against SquareTwo so that she may move for leave to file an amended complaint that states a claim against SquareTwo Financial Corporation." (Pl.'s Resp. 1-2.)[1]  She argues that, consistent with the Eleventh Circuit's decision in Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005), this Court should give her the opportunity to amend before dismissing the Complaint. (Pl.'s Resp. 6.)[2]

Although Ms. Aqeel accurately quotes from Corsello, the plaintiff in that case filed a motion for leave to file a third amended complaint (which the Circuit held was improperly denied). Corsello, 428 F.3d at 1014-15.  Ms. Aqeel did not

---

[1] SquareTwo's Certificate of Interested Persons and Corporate Disclosure Statement [9] asserts that SquareTwo Financial Services Corp. f/k/a SquareTwo Financial Commercial Funding Corp., is a wholly-owned subsidiary of SquareTwo Financial Corporation, the equity of which is not publicly traded. (Id. at 2.)

[2] The Court is unsure why plaintiff did not simply amend as a matter of course when she had the chance. See Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . ., whichever is earlier."). After that 21-day period runs, the plaintiff may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A district court may deny leave to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Corsello, 428 F.3d at 1014 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). As discussed infra, without some information about the proposed amendment, the Court cannot determine whether it would be futile.

file a motion for leave to amend. Instead she states in her brief that any dismissal should be without prejudice so that she "may have the opportunity to file an amended complaint." (Pl.'s Resp. 7.)

"Filing a motion is the proper method to request leave to amend a complaint." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam). A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment. Id. Thus, when a request for leave to amend is included only in a memorandum filed in opposition to a motion to dismiss, and the request fails to attach the proposed amendment or set forth the substance of the proposed amendment, a district court does not abuse its discretion in denying plaintiff leave to amend. Id.; see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) (district court did not abuse its discretion in denying request for leave to amend where the request was merely included in a footnote and did not "describe the substance of [the] proposed amendment").

This case is similar to Page v. Branch Banking & Trust Co., No. 2:14-CV-00055-RWS, 2015 WL 751675 (N.D. Ga. Feb. 23, 2015), where the district court denied a request to amend asserted only in an opposition brief. Id. at *4. Like here, that plaintiff neither attached a proposed amended complaint nor set forth

the substance of the proposed amendment.  Id.  Given those facts, this Court stated as follows:

> Here, Plaintiff merely requests leave to replead without identifying the substance of any proposed amendment.  (Dkt. [20] at 19). Accordingly, the Court finds that amendment would be futile because Plaintiff fails to show that he could correct the deficiencies of his Complaint.  See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 983 (11th Cir. 2012) (affirming denial of leave to amend when the plaintiff's motion "provided no reason for the district court to believe that he could offer sufficient allegations to make a claim for relief plausible on its face").

Id.; see also Brannigan v. Bank of Am. Corp., No. 2:13-CV-00129-RWS, 2013 WL 6510787, at *8 (N.D. Ga. Dec. 12, 2013) (plaintiffs did not identify substance of any proposed amendments; thus, court found amendment would be futile because plaintiffs fail to correct the deficiencies of their amended complaint).

Likewise, the undersigned finds that amendment here would be futile because plaintiff fails to show that she could correct the admitted deficiencies of her Complaint against SquareTwo.  Accordingly, the undersigned **RECOMMENDS** that the District Court **GRANT** SquareTwo's Motion [8], and dismiss the Complaint **WITHOUT PREJUDICE** as to that defendant.

**SO RECOMMENDED**, this 7th day of December, 2015.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE