IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERINA AQEEL, an individual,

    Plaintiff,

v.

CACH LLC, a Colorado Limited
Liability Company, SQUARETWO
FINANCIAL COMMERCIAL
FUNDING CORP., a Delaware
Corporation, JOSEPH A. RANIERI,
IV, Individual, and CARLA
HAWKINS, Individual,

    Defendants.

1:15-cv-2158-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Walter E. Johnson's Non-Final Report and Recommendation [12] ("R&R"). The R&R recommends the Court grant Defendant SquareTwo Financial Commercial Funding Corp.'s ("SquareTwo") Motion to Dismiss [8].

I.    **BACKGROUND**

On June 16, 2015, Plaintiff Sherina Aqeel ("Plaintiff") filed her Complaint [1], alleging a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. On October 30, 2015, SquareTwo filed its

Motion to Dismiss.

On November 16, 2015, Plaintiff filed her Response in Opposition to Defendant SquareTwo Financial Commercial Funding Corp.'s Motion to Dismiss [10] ("Pl.'s Resp."). In her Response, Plaintiff states that she "does not oppose the dismissal without prejudice of her complaint against SquareTwo so that she may move for leave to file an amended complaint that states a claim against SquareTwo Financial Corporation." (Pl.'s Resp. at 1-2). She argues that, consistent with the Eleventh Circuit's decision in Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005), the Court should give her the opportunity to amend before dismissing the Comlpaint. (Pl.'s Resp. at 6).

On December 7, 2015, the Magistrate Judge issued his R&R. In it, he noted that filing a motion is the only proper method to request leave to amend a complaint. (R&R at 3). The Magistrate Judge concluded that, because Plaintiff failed to move to amend her complaint, and because any amendment would be futile, SquareTwo's Motion to Dismiss the Complaint should be granted without prejudice. (Id. at 4).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B. Analysis

When a request for leave to amend is included only in a memorandum filed in opposition to a motion to dismiss, and the request fails to attach the proposed amendment or set forth the substance of the proposed amendment, a district court does not abuse its discretion in denying plaintiff leave to amend. Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam); see also Rosenberg v. Gould, 554 F.3d 962, 967 (11th Cir. 2009) (district court did not abuse its discretion in denying request for leave to amend where the request was merely included in a footnote and did not "describe the substance of [the] proposed amendment").

The Magistrate Judge determined that Plaintiff's request to amend her Complaint was improper and should be denied, including because her request was

not contained in a motion and because it did not include the substance of the proposed amendment.  (See R&R at 3-4).  The Court finds no plain error in this finding and recommendation.  See Slay, 714 F.2d at 1095.  The Magistrate Judge also determined that any amendment would be futile, because Plaintiff fails to show that she could correct the admitted deficiencies of her Complaint against SquareTwo.  (R&R at 4).  The Court finds no plain error in this finding and recommendation, and the Court grants SquareTwo's Motion to Dismiss the Complaint without prejudice as to SquareTwo.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Non-Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant SquareTwo Financial Commercial Funding Corp.'s Motion to Dismiss [8] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to Defendant SquareTwo.

**SO ORDERED** this 1st day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE