IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERINA AQEEL,<br><br>    Plaintiff<br>v.<br><br>CACH LLC, *a Colorado Limited Liability Company*, JOSEPH A. RANIERI, IV, CARLA HAWKINS,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:15-CV-2158-WSD-WEJ |

## **NON-FINAL REPORT AND RECOMMENDATION**

Plaintiff, Sherina Aqeel, alleges that defendants Cach LLC ("Cach"), Joseph A. Ranieri, IV, and Carla Hawkins, violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, by making misrepresentations in a collection lawsuit against her. (See generally Compl. [1].)

Now pending before the Court is Cach's Motion for Summary Judgment [29]. For the reasons discussed below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

I.     **STATEMENT OF FACTS**

The Court draws the facts largely from the parties' submissions.  Defendant Cach filed a Statement of Uncontested Material Facts [29-1] ("DSMF").  See N.D. Ga. R. 56.1B.(1).  As required by Local Rule 56.1B.(2)a, Ms. Aqeel filed a Response to DSMF [36] ("R-DSMF").  However, plaintiff failed to file a statement of additional facts which she contends are material and present a genuine issue for trial, as required by Local Rule 56.1B.(2)b.

The Court uses the proposed facts and response as follows.  Where plaintiff admits a proposed fact, the Court accepts it for purposes of this Motion and cites both to the proposed fact and corresponding response.  Where plaintiff admits a proposed fact in part, the Court includes the undisputed part.  Where plaintiff denies a proposed fact in whole or in part, the Court reviews the record and determines whether a fact dispute exists.  If the denial is without merit, and the record citation supports the fact, the Court deems it admitted.  The Court sometimes modifies a proposed fact per a more accurate account found in plaintiff's response or in the record cited.  It excludes proposed facts that are stated as an issue or legal conclusion (DSMF ¶¶ 11, 23-24), immaterial, duplicative (DSMF ¶¶ 14-19, 21-22), or unsupported by the record cited.  See

2

N.D. Ga. R. 56.1B.(1).  Finally, the Court includes facts drawn from its own review of the record.  See Fed. R. Civ. P. 56(c)(3).

### A. State Court Litigation

Cach filed a complaint for breach of contract against Ms. Aqeel in the State Court of Fulton County, Georgia, on June 16, 2014 (the "Collection Action") as the assignee of, and successor to, Ms. Aqeel's defaulted Wells Fargo credit card account (the "Account").  (DSMF ¶¶ 1, 13; R-DSMF ¶¶ 1, 13.)  Attached to the Collection Action complaint were a summons, an Affidavit of Debt executed by Carla Hawkins, a copy of a Wells Fargo account statement, a copy of the terms and conditions governing the Account, and a document titled "Plaintiff's Request for Admissions to Defendant."  (DSMF ¶ 2, as modified by R-DSMF ¶ 2; Cach Mem. Supp. 13-14 & Ex. A [29-3] (Collection Action complaint).) [1]

On January 29, 2015, plaintiff received personal service of the Collection Action complaint.  (DSMF ¶ 3; R-DSMF ¶ 3.)  Ms. Aqeel did not appear or respond, and Cach moved for default judgment in September 2015.  (DSMF ¶ 4;

---

[1] The Collection Action summons contained the following statement: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THE DEBT COLLECTOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." (Cach Mem. Supp. 13-14 & Ex. A.)

R-DSMF ¶ 4.) Because Ms. Aqeel failed to answer or enter a defensive pleading, the state court entered judgment in favor of Cach on October 8, 2015, and awarded it $1,823.30, plus $207.63 in attorneys' fees, post judgment interest at the statutory rate set forth in O.C.G.A. § 7-4-12, and $382.50 in court costs. (DSMF ¶¶ 5, 20; R-DSMF ¶¶ 5, 20; Def. Cach Mot. Summ. J. Ex. D [29-6] (Default J.); see also DSMF ¶ 12, as modified by R-DSMF ¶ 12.) Ms. Aqeel did not move to set aside or otherwise appeal the Collection Action. (DSMF ¶ 6; R-DSMF ¶ 6.)

### B.     Federal Litigation

On June 16, 2015, Ms. Aqeel filed the instant lawsuit against Square Two Financial Commercial Funding Corp. ("Square Two"), Cach, Mr. Ranieri (Cach's collection attorney), and Ms. Hawkins (signatory to the Affidavit of Debt in the Collection Action), alleging violations of the FDCPA. (DSMF ¶¶ 7-8; R-DSMF ¶¶ 7-8.) However, plaintiff never served Mr. Ranieri or Ms. Hawkins with the instant Complaint. (DSMF ¶ 9; R-DSMF ¶ 9.)[2]

---

[2] Because plaintiff has failed to comply with Federal Rule of Civil Procedure 4(m) and perfect service upon Mr. Ranieri and Ms. Hawkins, the undersigned **RECOMMENDS** that those defendants be **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 4(m) (permitting court to dismiss action for failure to serve after notice to the plaintiff).

On April 1, 2016, the Court dismissed plaintiff's claims against Square Two.  (Order of Apr. 1, 2016 [37]; see also DSMF ¶ 9; R-DSMF ¶ 9.)  Thus, only plaintiff's FDCPA claims against defendants Cach, Mr. Ranieri, and Ms. Hawkins remain.  Ms. Aqeel alleges that defendants violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692e(11),[3] 1692f, and 1692f(1).  (DSMF ¶ 10, as modified by R-DSMF ¶ 10.)

The instant Complaint alleges that, in conjunction with the Collection Action, defendants sent Ms. Aqeel a request for admission which did not advise her that the communication was from a debt collector or warn her that failure to respond within forty-five days would result in the admission of those statements.  (Compl. ¶ 49.)  Plaintiff contends that she was never a party to a card member agreement with Cach.  (Id. ¶ 50.)  Ms. Aqeel alleges that, in pursuing the Collection Action, defendants made "false and fraudulent representations as to the origin, ownership, and character of the debt that Defendants were seeking to collect from [her]."  (Id. ¶ 52.)  She alleges that defendants proffered to the state

---

[3] Although the Complaint does not reference 15 U.S.C. § 1692e(11), requiring disclosure that a communication is from a debt collector, the parties interpret ¶¶ 57 and 61(d) as alleging a violation of that subsection.  (See R-DSMF ¶ 10; Cach Mem. Supp. [29-2] 13-14.)  The Complaint does reference § 1692e; therefore, for the purposes of this Motion, the Court accepts that interpretation.

5

court "false and willfully misleading representations as to the origin and ownership of the alleged debt" in violation of the FDCPA.  (Id. ¶ 53.)  Additionally, plaintiff contends that the Collection Action and defendants' associated attachments and demands violated the FDCPA.  (Id. ¶¶ 54-58.)

## II.   SUMMARY JUDGMENT STANDARD

The "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact."  Rice-Lamar v. City of Fort Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Those materials may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).  "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment."  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quotation marks omitted).  Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  If in response the non-moving party does not sufficiently support an essential element of her case as to which she bears the burden of proof, summary judgment is appropriate.  Rice-Lamar, 232 F.3d at 840. "In determining whether genuine issues of material fact exist, [the Court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." Id. (citing Anderson, 477 U.S. at 255).

In deciding a summary judgment motion, the court's function is not to resolve issues of material fact but rather to determine whether there are any such issues to be tried.  Anderson, 477 U.S. at 249-50.  The applicable substantive law will identify those facts that are material.  Id. at 248.  Facts that are disputed, but which do not affect the outcome of the case, are not material and thus will not preclude the entry of summary judgment.  Id.  Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  For factual issues to be "genuine," they must have a "real

7

basis in the record." Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quotation marks omitted).  When the record as a whole could not lead a rational trier of fact to find for the non-movant, there is no "genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Cach argues that plaintiff's FDCPA claims are barred by collateral estoppel because they are based on alleged misrepresentations in the Collection Action that were resolved conclusively by the state court.  (Cach Mem. Supp. 5-12; see also Cach Reply [38].)  Additionally, Cach argues that, although its request for admissions did not contain a statement that it was a communication from a debt collector, that document was attached to the Collection Action summons, which did contain the notice.  (Cach Mem. Supp. 13-14 & Ex. A, at 1.)  Cach further contends that it was not required to inform plaintiff of the deadline to respond to the request for admissions or the consequences of failing to respond.  (Id. at 13-14.)

In Georgia, collateral estoppel precludes subsequent litigation "of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies."  Waldroup v. Greene Cty. Hosp. Auth.,

463 S.E.2d 5, 7 (Ga. 1995) (per curiam); see also Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324, 1331 (11th Cir. 2010) ("Under the Full Faith and Credit Act . . . a federal court must give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.") (quotation marks and citation omitted).  Collateral estoppel, therefore, requires proof of the following:  "(1) identity of an issue that was essential to the prior litigation and was resolved, (2) by judgment of a court of competent jurisdiction, and (3) an identity of the parties or their privies." Old Republic Nat'l Title Ins. Co. v. Hartford Accident & Indem. Co., 944 F. Supp. 2d 1327, 1334 (N.D. Ga. 2013) (citing Wickliffe v. Wickliffe Co., 489 S.E.2d 153 (Ga. Ct. App. 1997)). [4]

It is undisputed that Cach filed the Collection Action in state court, that Ms. Aqeel received service but defaulted, that the state court entered a judgment in favor of Cach, and that Ms. Aqeel did not appeal that judgment.  (DSMF ¶¶ 1, 3-6, 12-13, 20; R-DSMF ¶¶ 1, 3-6, 12-13, 20; see also Def. Cach Mot. Summ. J. Ex. D

---

[4] The parties do not dispute that the state court issued a judgment in and had jurisdiction over the Collection Action, and currently the parties in both cases are the same, as plaintiff has not amended the Complaint to add Square Two Financial Corporation or served the two individual defendants.  Accordingly, the undersigned focuses on the first element of collateral estoppel.

9

(Default J.).) According to Cach, the state court's final judgment established that Ms. Aqeel owed the debt and is liable for the principal sum, attorney fees, post-judgment interest, and court costs. (Cach Mem. Supp. 5-12.) Cach argues that plaintiff cannot relitigate those same issues against it in federal court. (Id.) Ms. Aqeel responds that collateral estoppel cannot apply because her instant claims that Cach violated the FDCPA by making various misrepresentations in the Collection Action were not litigated before the state court. (Pl.'s Resp. Opp'n [35] 4-13.) According to plaintiff, Cach's debt collection practices, not the debt itself, are at issue here. (Id. at 10.) Ms. Aqeel also argues that the notice on the Collection Action summons was insufficient to meet the requirements of 15 U.S.C. § 1692e(11) with regard to Cach's request for admissions. (Pl.'s Resp. Opp'n 14-17.)

Therefore, the questions before the Court are whether Ms. Aqeel's allegations of FDCPA violations were essential issues to the state court litigation and whether the FDCPA applies to Cach's request for admissions. The Complaint asserts that Cach purchases delinquent consumer debt, then files collection lawsuits against consumers such as Ms. Aqeel. (Compl. ¶¶ 27-30.) When doing so, plaintiff contends that Cach does not have bona fide proof that the debt actually exists, that the amount claimed due is accurate, or that it has a

10

clear chain of title.  (Id. ¶¶ 33-38.)  Ms. Aqeel alleges that those suits are filed without meaningful attorney involvement.  (Id. ¶ 40.)  According to Ms. Aqeel, Cach engaged in that behavior via the Collection Action against her, thus violating various subsections of 15 U.S.C. §§ 1692e and 1692f (id. ¶¶ 41-58), and failed to provide the requisite § 1692e(11) notice on its request for admissions  (id. ¶¶ 57, 61(d)).

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e).  Section 1692e prohibits debt collectors from making false, deceptive, or misleading representations in connection with the collection of any debt, id. § 1692e, and requires debt collectors to disclose their status as such on initial and subsequent communications with consumers, id. § 1692e(11).  Likewise, § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.  Id. § 1692f.

The law is clear that litigation activities fall within the purview of the FDCPA as "debt collection activities" and that the Act applies to lawyers engaged in litigation.  Heintz v. Jenkins, 514 U.S. 291, 294 (1995).  The Eleventh Circuit

has recognized Heintz, noting that "the Supreme Court has held that initiation of legal proceedings by a creditor *can* constitute a debt collection activity." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010) (per curiam). Moreover, this Court has applied the FDCPA to similar state court debt collection actions.  See Consumer Fin. Protection Bureau v. Frederick J. Hanna & Assoc., 114 F. Supp.3d 1342, 1363-69 (N.D. Ga. 2015) (holding that debt collectors "litigation-mill" behavior may plausibly violate § 1692e); see also McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 950-51 (9th Cir. 2011) (holding that FDCPA applies to discovery, including request for admissions, and finding the defendant's failure to notify the plaintiff that failure to respond would result in requests being deemed admitted under state law to violate the Act).

Therefore, Ms. Aqeel's allegations that Cach made misrepresentations in the Collection Action and used unfair means to attempt to collect the Account in violation of the FDCPA were not essential issues to the state court litigation, but rather spring from it.  See Faulk v. Midland Funding LLC, No. 2:13cv503-MHT (WO), 2015 WL 5736103, at *2-8 (M.D. Ala. Sept. 30, 2015) (allegations that debt buyer routinely initiates collection suits without supporting evidence or an intention to prove the case at trial with a goal of obtaining an agreement from the debtor or a default judgment was sufficient to allege violations of §§ 1692e and

12

1692f). Moreover, Cach's request for admissions was subject to the FDCPA, and it has cited no case law to the contrary or in support of its assertion that attaching discovery to a summons containing a § 1692e(11) notice was sufficient. Accordingly, the undersigned **REPORTS** that plaintiff's claims are not barred by collateral estoppel and that Cach is not entitled to summary judgment.

## IV.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Cach's Motion for Summary Judgment [29] be **DENIED**. Additionally, the undersigned **RECOMMENDS** that Mr. Ranieri and Ms. Hawkins be **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 4(m) (permitting court to dismiss action for failure to serve after notice to the plaintiff).

If the District Court adopts the above recommendation, pretrial deadlines will resume and the parties' Consolidated Pretrial Order will be due thirty days thereafter, unless they request additional discovery time.[5]

---

[5] Discovery was set to expire on March 28, 2016 [15]. However, on March 4, the parties requested [30], and the Court granted [34], a stay of discovery and all pretrial deadlines. Therefore, the parties may need additional discovery time.

13

**SO RECOMMENDED**, this 2nd day of May, 2016.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE