IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERINA AQEEL, an individual, | |
| Plaintiff, | |
| v. | 1:15-cv-2158-WSD |
| CACH LLC, a Colorado Limited Liability Company, JOSEPH A. RANIERI, IV, Individual, and CARLA HAWKINS, Individual, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Walter E. Johnson's Non-Final Report and Recommendation [39] ("R&R"). The R&R recommends the Court deny Defendant Cach LLC's ("Cach") Motion for Summary Judgment [29]. Also before the Court are Cach's Objections [39] to the R&R.

**I.   BACKGROUND**

Plaintiff Sherina Aqeel ("Plaintiff") alleges that Defendants Cach, Joseph A. Ranieri, IV, and Carla Hawkins (collectively, "Defendants") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by making misrepresentations in a collection lawsuit against Plaintiff. (Compl. [1]).

A.	Collection Action

On June 16, 2014 Cach, as the assignee of, and successor to, Ms. Aqeel's defaulted Wells Fargo credit card account (the "Account"), filed a complaint ("Collection Complaint") for breach of contract against Plaintiff in the State Court of Fulton County, Georgia (the "Collection Action").  (Def.'s Statement of Uncontested Material Facts [29.1] ("DSMF") ¶¶ 1, 13; Resp. to DSMF [36] ("R-DSMF") ¶¶ 1, 13).  Attached to the Collection Complaint were the following documents:  a summons, an Affidavit of Debt executed by Carla Hawkins, a copy of a Wells Fargo account statement, a copy of the terms and conditions governing the Account, and a document titled "Plaintiff's Request for Admissions to Defendant."  (DSMF ¶ 2, as modified by R-DSMF ¶ 2; Collection Action Compl. [29.3]).

On January 29, 2015, Plaintiff received personal service of the Collection Action complaint.  (DSMF ¶ 3; R-DSMF ¶ 3).  Plaintiff did not appear or respond, and, on September 2015, Cach moved for default judgment.  (DSMF ¶ 4; R-DSMF ¶ 4).  Because Plaintiff failed to answer or enter a defensive pleading, on October 8, 2015, the state court entered judgment in favor of Cach, and awarded it $1,823.30, plus $207.63 in attorneys' fees, post judgment interest at the statutory rate set forth in O.C.G.A. § 7-4-12, and $382.50 in court costs.  (DSMF ¶¶ 5, 20;

2

R-DSMF ¶¶ 5, 20; [29.6]; see also DSMF ¶ 12, as modified by R-DSMF ¶ 12). Plaintiff did not move to set aside or otherwise appeal the Collection Action. (DSMF ¶ 6; R- DSMF ¶ 6.)

### B. Federal Litigation

On June 16, 2015, Plaintiff filed this action against Square Two Financial Commercial Funding Corp. ("Square Two"), Cach, Mr. Ranieri, Cach's collection attorney, and Ms. Hawkins, signatory to the Affidavit of Debt in the Collection Action. Plaintiff alleges violations of the FDCPA. (DSMF ¶¶ 7-8; R-DSMF ¶¶ 7-8). Plaintiff did not serve the Complaint on Mr. Ranieri or Ms. Hawkins. (DSMF ¶ 9; R-DSMF ¶ 9). On April 1, 2016, the Court dismissed Plaintiff's claims against Square Two. (April 1, 2016, Order [37]; see also DSMF ¶ 9; R-DSMF ¶ 9).

The Complaint alleges that, in connection with the Collection Action, Defendants sent Plaintiff requests for admission that did not (i) advise her that the communication was from a debt collector, or (ii) warn her that failure to respond within forty-five days would result in the admission of those statements. (Compl. ¶ 49). Plaintiff contends that she was never a party to a card member agreement with Cach. (Id. ¶ 50). Plaintiff alleges that, in pursuing the Collection Action, Defendants made "false and fraudulent representations as to the origin, ownership,

and character of the debt that Defendants were seeking to collect from [her]." (Id. ¶ 52). She alleges that Defendants proffered to the state court "false and willfully misleading representations as to the origin and ownership of the alleged debt," in violation of the FDCPA. (Id. ¶ 53). Plaintiff also contends that the Collection Action and Defendants' associated attachments and demands violated the FDCPA. (Id. ¶¶ 54-58).

On March 4, 2016, Defendant Cach filed its Motion for Summary Judgment, arguing that (i) Plaintiff's FDCPA claims are barred by collateral estoppel because they are based on alleged misrepresentations in the Collection Action that were resolved conclusively by the state court, and (ii) though its requests for admission did not contain a statement that they were a communication from a debt collector, the request was attached to the Collection Action summons, which contained such a notice.

On May 2, 2016, the Magistrate Judge issued his R&R. The Magistrate Judge found that Plaintiff's "allegations that Cach made misrepresentations in the Collection Action and used unfair means to attempt to collect the Account in violation of the FDCPA were not essential issues to the state court litigation, but rather sprang from it." (R&R at 12). The Magistrate Judge also found that Cach's requests for admission were subject to the FDCPA, and that Cach "cited no case

law to the contrary or in support of its assertion that attaching discovery to a summons containing a . . . notice was sufficient." (Id. at 13).  The Magistrate Judge thus recommends Cach's Motion for Summary Judgment be denied.  Because Plaintiff failed to perfect service upon Mr. Ranieri and Ms. Hawkins, the Magistrate Judge also recommends these defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

On May 16, 2016, Cach filed its Objections to the R&R.  Cach objects to the Magistrate Judge's finding that the alleged misrepresentations of which Plaintiff complains were not essential issues to the Collection Action.  Cach also objects to the Magistrate Judge's findings regarding its requests for admission in the Collection Action, arguing that the notice in the summons, which was served in the same package of documents as the requests for admission, was sufficient notice under the FDCPA.

## II.   ANALYSIS

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).

Where no party objects to the R&R, the Court conducts a plain error review of the record.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Discussion

Cach objects to the Magistrate Judge's findings (i) that the alleged misrepresentations of which Plaintiff complains were not essential issues to the Collection Action, and (ii) that the requests for admission in the Collection Action failed to contain a proper notice under the FDCPA.  The Court conducts its *de novo* review of these issues.

    1.    Collateral Estoppel

The doctrine of collateral estoppel precludes the re-adjudication of the same issue, where the issue was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action.  See Cmty. State Bank v. Strong, 651 F.3d 1241, 1264 (11th Cir. 2011) (citing Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006)).  "Although Georgia law has not settled on a canonical list of elements to establish collateral estoppel," the Eleventh Circuit has distilled Georgia case law as requiring the following:  that "(1) an identical issue, (2) between identical parties, (3) was actually litigated and (4) necessarily decided, (5) on the merits, (6) in a final judgment, (7) by a court of competent jurisdiction."  Id. (citing Body of Christ

6

Overcoming Church of God, Inc. v. Brinson, 696 S.E.2d 667 (Ga. 2010); Karan, 629 S.E.2d at 262-63; In re T.M.G., 570 S.E.2d 327, 329 (Ga. 2002); Kent v. Kent, 452 S.E.2d 764, 766 (Ga. 1995)).

The parties' dispute centers on the first, third, and fourth elements of the collateral estoppel analysis, that is, whether the same issue was actually litigated by the parties and necessarily decided by the state court. In this action, Plaintiff alleges that Cach purchases delinquent consumer debt, then files collection lawsuits against consumers. (Compl. ¶¶ 27-30). Plaintiff alleges that Cach filed the lawsuits without bona fide proof that the debt actually exists, that the amount claimed due is accurate, or that it has a clear chain of title. (Id. ¶¶ 33-38). She alleges Cach fraudulently represented that the Collection Action was prepared and filed with meaningful attorney involvement. (Id. ¶ 66). Plaintiff alleges that, in violation of various subsections of the FDCPA, Cach engaged in this behavior in litigating the Collection Action. She also alleges Cach failed to provide the requisite Section 1692e(11) notice on its requests for admission. (Id. ¶¶ 41-58, 61).

The FDCPA prohibits debt collectors from making false, deceptive, or misleading representations in connection with the collection of any debt, 15 U.S.C. § 1692e, and requires debt collectors to disclose their status as such on initial and subsequent communications with consumers, id. § 1692e(11). Section 1692f

prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.  Id. § 1692f.  Attorneys' litigation activities fall within the purview of "debt collection activities" as contemplated by the FDCPA.  See Heintz v. Jenkins, 514 U.S. 291, 294 (1995); see also LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010) (per curiam) ("[T]he Supreme Court has held that initiation of legal proceedings by a creditor *can* constitute a debt collection activity.").

Cach argues that the state court's final judgment established that Plaintiff owes to Cach:  the amount of the debt sought by Cach in the Collection Complaint, the attorneys' fees sought by Cach, the post-judgment interest sought by Cach, and the court costs sought by Cach.  Cach also argues the state court's final judgment established that the exhibits attached to the Collection Complaint describing the chain of ownership and the amounts owed are accurate.  Cach argues that the practices of which Plaintiff complains in this action "necessarily relate to the representations contained in the Collection Complaint [on] which judgment was granted in Cach's favor."  (Obj. at 4).

Cach's contention that the practices Plaintiff alleges to be in violation of the FDCPA "relate to" the representations contained in the Collection Complaint is not the relevant question.  For collateral estoppel to apply, the issues must be identical,

8

actually litigated, and decided on the merits.  Plaintiff's allegations that Cach made misrepresentations in the Collection Action and used unfair means to attempt to collect the Account in violation of the FDCPA are not identical to the issues in the Collection Action, nor were they actually litigated or decided on the merits.  Plaintiff does not, in this action, challenge the validity of the underlying debt in the Collection Action.  Rather, she alleges that the manner in which Cach initiated and litigated the Collection Action violated the FDCPA.  See Collins v. Erin Capital Mgmt., LLC, 991 F. Supp. 2d 1195, 1206 (S.D. Fla. 2013) ("[FDCPA] claims challenge the method of debt collection, not the underlying debt.  Thus, an adjudication that plaintiffs are indebted to defendants would not preclude plaintiffs from claiming that defendants violated the FDCPA . . . ." (quoting Fritz v. Resurgent Capital Servs., LP, 955 F. Supp. 2d 163, 174-75 (E.D.N.Y. 2013))).  Cach's Objections are overruled, and its Motion for Summary Judgment on collateral estoppel grounds is denied.

        2.      <u>Requests for Admission</u>

The FDCPA provides that it is a violation for a debt collector to "fail[] to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and [to] fail[] to disclose in subsequent communications that

the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. § 1692e(11) ("Section 1692e(11)").[1]

Cach included with its Collection Complaint the following documents: a summons [1.1], an Affidavit of Debt executed by Carla Hawkins [1.2], a copy of a Wells Fargo account statement [1.3], a copy of the terms and conditions governing the Account, and a document titled "Plaintiff's Request for Admissions to Defendant" [1.4]. (DSMF ¶ 2, as modified by R-DSMF ¶ 2; Collection Action Compl. [29.3]). The summons contains the following statement:

> Please take note that Plaintiff's First Request for Admissions to Defendant have been served upon you as an attachment hereto. Pursuant to O.C.G.A. § 9-11-36, please note that you are required to respond to each Request for Admission within forty five (45) days after service of this Summons. If you fail to do so, the Admissions shall be deemed in the affirmative.

([1.1] at 1). The summons also stated, in all capital letters, that "this communication is from a debt collector. The debt collector is attempting to collect a debt and any information obtained will be used for that purpose." (Id.). The

---

[1] Though the Complaint does not reference Section 1692e(11) explicitly, the parties interpret paragraphs 57 and 61(d) of the Complaint as alleging a violation of that subsection. (See R-DSMF ¶ 10; [29.2] at 13-14). The Court accepts this interpretation for purposes of this Order.

requests for admission served with the complaint and summons do not contain such language.[2]

Defendant contends that the statements in the summons satisfied its notice obligations under Section 1692e(11). First, though Defendant does not address the issue, the Court finds that the Section 1692e(11) exception for "a formal pleading made in connection with a legal action" does not apply here. The Eleventh Circuit has construed this exception narrowly, noting that "Congress expressly exempted formal pleadings—and formal pleadings alone—from a sole, particularized requirement of the FDCPA." Miljovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297-1303 (11th Cir. 2015) ("Congress has effectively instructed that *all* litigating activities of debt-collecting attorneys are subject to the FDCA, except to the limited extent formal pleadings are exempt under § 1692e(11)." (emphasis in original)) (internal quotation marks omitted) (quoting Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 228, 231 (4th Cir. 2007)).[3] Following the Eleventh

---

[2] The certificate of service attached to the requests for admission states that Cach served Plaintiff "with a copy of [Cach]'s First Requests for Admission to [Plaintiff], by attaching [it] to the Complaint on Contract to be served on [Plaintiff] . . . ." ([1.4] at 3).

[3] Courts have generally found that discovery requests from a debt collector in the course of debt-collection proceedings fall under the FDCPA. See Miljovic, 791 F.3d at 1297-1303 (communications from a debt collector with a consumer's attorney, including court filings in the course of debt-collection proceedings, are

Circuit's reasoning, a discovery request served with a formal pleading does not fall under the narrow exception to the Section 1692e(11) notice requirement.

With respect to the sufficiency of the notice, "[c]ourts must assess the reasonableness of the debt collector's communication, and determine whether the form and substance 'could objectively affect the least sophisticated consumer's decisionmaking.'" Dykes v. Portfolio Recovery Assocs., LLC, 111 F. Supp. 3d 739, 744 (E.D. Va. 2015) (quoting Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126-27 (4th Cir. 2014)); see also Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1175 (11th Cir. 1985) (adopting the "least sophisticated consumer" standard to evaluate FDCPA cases). Courts recognize that "the context and placement of [the] disclaimer is . . . important." Gonzalez v. kay, 577 F.3d 600, 604 (5th Cir. 2009). For instance, several courts have held that locating the notices on the reverse side of a letter without proper reference on the front side violates the

---

communications under the FDCPA); McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939, 952 (9th Cir. 2011) (requests for admission seeking to admit facts that were not true and that did not include an explanation that the requests would be deemed admitted if consumer failed to respond within thirty days violated the FDCPA); Sayyed, 485 F.3d at 228, 230-32 (written discovery documents fall under the FDCPA).

FDCPA.  Rodriguez v. Fulton Friedman & Gullace, LLP, No. CIV.A. H-11-4592, 2012 WL 3756589, at *10 (S.D. Tex. Aug. 28, 2012) (citing cases).

Though the parties do not cite, and the Court is unable to find, any authority directly addressing the specific notice situation at issue, the notice here is substantially less deceptive or manipulative in form and format than those that courts have found to violate the FDCPA.  See Rios v. Pinnacle Fin. Grp., Inc., No. 05 CIV. 10290 (SHS), 2006 WL 2462899, at *3 (S.D.N.Y. Aug. 23, 2006).  In Rabideau v. Mgmt. Adjustment Bureau, 805 F. Supp. 1086 (W.D.N.Y. 1992), the court found a violation of the FDCPA where the notice directing the reader to the reverse side of a letter was set in smaller typeface than the remainder of the letter, including the large block-lettered payment information.  Id. at 1093-94.  In Miller v. Payco-General Am. Credits, Inc., 943 F.2d 482 (4th Cir. 1991), the front of the letter did not state that information was located on the reverse side, and the information regarding debtors' rights was printed in smaller typeset than the remainder of the letter.  Id. at 702-703.  In McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011), the Ninth Circuit found a violation of the FDCPA where a debt collector served requests for admission seeking to admit facts that were not true and where the requests did not include an

13

explanation that the requests would be deemed admitted if consumer failed to respond within thirty days violated the FDCPA.  Id. at 952.

Here, there is no evidence to support an inference that the form and substance of the notices in the summons could objectively affect the least sophisticated consumer's decisionmaking.  The notice regarding Plaintiff's failure to respond to the requests for admission is in the same font as the remainder of the letter.  (See [1.1] at 1).  The summons explicitly directs Plaintiff to the requests for admission which are included as "an attachment hereto."  (Id.).  The notice that the communication is from a debt collector and that any information obtained will be used for that purpose is typed in all capital letters prominently at the bottom of the summons.  (Id.).  Both notices appear on the first page of the summons, which is the first document in the set of the documents served on Plaintiff in the Collection Action.  (See id.).  Plaintiff implicitly argues, without any legal support, that the requests for admission constituted a separate and distinct "communication," despite that the requests for admission were included within a single set of documents served on Plaintiff at the same time.  Drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff fails to create a material issue of disputed fact whether the form and substance of the notices in the summons could objectively affect the least sophisticated consumer's decisionmaking.  See Dykes,

111 F. Supp. 3d at 744.  Cach's Objections are sustained, and the Court grants Cach's Motion for Summary Judgment on Plaintiff's Section 1692e(11) claim.[4]

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Walter E. Johnson's Non-Final Report and Recommendation [39] is **ADOPTED AS MODIFIED**.

**IT IS FURTHER ORDERED** that Defendant Cach LLC's Objections [39] to the R&R are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that Cach's Motion for Summary Judgment [29] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion is granted on Plaintiff's Section 1692e(11) claim.  The Motion is denied as to Plaintiff's remaining claims.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Joseph A. Ranieri, IV and Carla Hawkins are **DISMISSED WITHOUT PREJUDICE**.

---

[4]   Because Plaintiff failed to perfect service upon Mr. Ranieri and Ms. Hawkins, the Magistrate Judge recommends these defendants be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).  The Court finds no plain error in these findings and recommendation, and Mr. Ranieri and Ms. Hawkins are dismissed without prejudice.  See Slay, 714 F.2d at 1095.

**SO ORDERED** this 22nd day of September, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE